### J. S. HANDY VS. W. P. DOUGLAS, SHERIFF.

MAYO, J. A contract will be construed, not with reference to what the parties call it, but with reference to its actual provisions; and, although it be a contract to which the law has given no distinctive name, it will be none the less binding. 12 An. 125.

2. Either labor or land may be leased for a part of its products; and where the owner of land contracts with a person to furnish him material to build a house and with tools to clear forty acres of land, and with supplies to make crops on said land, with the condition that the tenant shall clear and cultivate the land for five years, and have all the products, after paying the land owner for his supplies, such a contract is a lease of the land, in consideration of the labor of the tenant. 22 An. 438.

### H. B. HAMMOND VS. W. L. RICHMOND ET AL.

GUNBY, J. The law requiring sheriff to return writs of *fi. fa.* within seventy days, under penalty of becoming liable for the full amount of the judgment, means something, and the later decisions permitting sheriffs to show that the judgment creditor had no rights, are based on unsound reasoning. We hold, that where the sheriff fails to properly return the writ, his liability is established, and he can only escape by proving affirmatively, not the improbability, but the absolute impossibility of plaintiff's having realized anything on his debt. R. S. 2408; 19 An. 466.

2. It is the duty of clerks to endorse on the back of each *fi. fa.* the date of its return, and such endorsement is the best evidence of the date of the return. The omission by the clerk to make such endorsement is highly reprehensible.

3. Where a sheriff fails to seize property pointed out by the judgment creditor, he is bound for the debt, if the complaining creditor shows that he was injured thereby; R. S. 3495; but if the property pointed out was affected with a pledge or privilege, outranking plaintiff's claim, and more than sufficient to consume the property, plaintiff was not injured by the sheriff's failure to seize it.

4. Even criminal laches on the part of the sheriff, in wasting and neglecting property seized and permitting it to be spirited away, will not entitle plaintiff to recover from the sheriff and his sureties, if seizures, prior to plaintiff's, would have consumed all the property, if it had been faithfully sold and accounted for; it is not the province of any litigant to vindicate wrongs suffered by others.